UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL WALSHAW AND
LEIA WALSHAW

CIVIL ACTION NO. _____

VERSUS

JUDGE _____

PIERRE FABRE DERMA COSMETIQUE
USA d/b/a GLYTONE USA

MAGISTRATE _____

## NOTICE OF REMOVAL

Defendant Pierre Fabre Dermo-Cosmetique USA, Inc. d/b/a Glytone USA ("Pierre Fabre")[1], pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of the removal of this suit from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana and further assets as follows:

1.

On June 17, 2019, Plaintiffs Michael Walshaw and Leia Walshaw ("Plaintiffs") filed suit, captioned *Michael Walshaw and Leia Walshaw v. Pierre Fabre Derma Cosmetique USA d/b/a Glytone USA*" Case No. 2019-6396, Division C-10, against Pierre Fabre in the Civil District Court for the Parish of Orleans, State of Louisiana.

2.

Plaintiffs attempted to serve Pierre Fabre, a former corporation organized under the laws of Delaware, pursuant to the Louisiana Long Arm Statute LSA-R.S. 13:3201 by certified mail. However, Pierre Fabre no longer exists, as it was the non-surviving entity of a merger in 2018.

---

[1] Pierre Fabre is a non-entity appearing herein through its successor corporation Pierre Fabre USA, Inc., which itself has NOT been named as a party and does not appear on its own behalf. Pierre Fabre USA, Inc. expressly reserves all rights, objections and defenses, including as to personal jurisdiction and the requisite citation and service of process.

Under Delaware law, after the merger, it ceased to exist and is insusceptible to being sued or served. 8 Del. C. § 259(a); *Best Medical Inter'l, Inc. v. Elektra Holdings*, No. 18-1600 (MN), 2019 WL 3304686 (D. Del. July 23, 2019); *Beals v. Washington Int'l*, Inc., 386 A.2d 1156, 1161 (Del. Ch. 1978) ("[Since] by statute, corporate existence is terminated on the date of merger ... a corporation ceases to exist on merger for all purposes, ***including service of process***[.]") (emphasis added).

3.

This Court has original subject matter jurisdiction over this civil action based upon diversity jurisdiction under 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity among the parties. Therefore, this case may be removed to this Court pursuant to 28 U.S.C. § 1441.

4.

Venue in this Court is proper, because the Eastern District of Louisiana embraces Orleans Parish, Louisiana, where the suit was originally filed. 28 U.S.C. § 1441(a).

5.

Defendant Pierre Fabre was a foreign corporation organized under the laws of Delaware and had its principal place of business in New Jersey prior to the merger, when it ceased to exist. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332 (c)(1). "Principal place of business refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1186 (2010). Because Pierre Fabre no longer exists, it has no high level officers or corporate activities, and therefore does not have a principal place of business.

Accordingly, Pierre Fabre is a citizen of Delaware for diversity purposes and in no event is or ever was a citizen of Louisiana. Its successor-by-merger is Pierre Fabre USA, Inc., which is a Delaware corporation with its principal place of business in New Jersey.

6.

On information and belief, Michael and Leia Warshaw are citizens of Orleans Parish, Louisiana. *See* Petition for Damages, paragraph 1.

7.

Defendant Pierre Fabre was a citizen of Delaware (and its successor-by-merger is a citizen of Delaware and New Jersey), and Plaintiffs are citizens of Louisiana. Complete diversity exists between Plaintiffs and Defendant.

8.

Further, the amount in controversy, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum of 28 U.S.C. § 1332. Plaintiffs allege that they have suffered losses as a result of their alleged injuries, and request personal injury, economic, and mental anguish damages; they also seek recovery for an emergency room visit, medical expenses, bodily impairment, emotional distress, and loss of consortium. Exhibit 1, Petition, ¶¶ 9, 19, and Prayer for Relief. Although Pierre Fabre denies that Plaintiffs are entitled to recover the amounts alleged from Pierre Fabre, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.

Plaintiffs attempted to serve Pierre Fabre with the state court petition via certified mail to its former principal place of business in New Jersey pursuant to the Louisiana Long Arm Statute. As described above, because Pierre Fabre is no longer an existing entity, it does not have a

principal place of business and is not susceptible to service. Accordingly, Plaintiffs have failed to confect proper service on Pierre Fabre. "If a defendant is never properly served, the thirty-day limit for filing a notice of removal does not commence to run." *Shakouri v. Davis*, 923 F.3d 407, 409-10 (5th Cir. 2019) (citing *Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 304 (5th Cir. 2014)). Thus, pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely.

10.

In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being provided to counsel for Plaintiffs and to the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, which thereby effects this removal.

11.

In accordance with 28 U.S.C. § 1446(a), Pierre Fabre attaches a copy of all executed process, pleadings, and orders served upon them in this action as Exhibit 1.

Respectfully submitted,

GORDON, ARATA, MONTGOMERY,
BARNETT, McCOLLAM, DUPLANTIS&
EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Phone: (504) 582-1111 Fax: (504) 582-1121
By: /s/ *Alex B. Rothenberg*
   Martin E. Landrieu #18995
    mlandrieu@gamb.law
   Alex B. Rothenberg, #34740
    arothenberg@gamb.law

Attorneys for Pierre Fabre Dermo-Cosmetique USA d/b/a Glytone USA

## Certificate of Service

I certify that I have served a copy of the above and foregoing Notice of Removal to counsel of record by facsimile, electronic mail or U.S. Mail, postage prepaid, on this 12th day of August, 2019.

                                                                                s/ *Alex B. Rothenberg*